CALHOUN v. BUFFINGTON, AUDITOR OF PUBLIC ACCOUNTS.

1. The state is liable to pay costs in a criminal prosecution against a slave only in case the slave is convicted of a capital offence and is executed; an escape of the slave from custody or his execution by a mob, either before or after conviction, would not be sufficient to render the state liable for costs.

Petition for a mandamus. This was an application in behalf of Calhoun as clerk of the circuit court of Clay county, for a mandamus to the auditor of public accounts, requiring him to audit and allow two bills of costs—one in the case of The State v. Edmund, a slave—the other in the case of The State v. Peter, a slave. In the first case the defendant was indicted for murder in the first degree, committed to jail, and before trial he escaped therefrom, and has not been retaken. Afterwards at the October term of the circuit court, 1854, on motion of the circuit attorney, the cause was continued generally and to. pass off the docket. In the last mentioned case, defendant was indicted for murder in the first degree and committed to jail to await his trial at the April term of the court. Previous to that term defendant was taken from the custody of the sheriff of Clay county and hung. These bills of costs were certified to the auditor, who refused to allow them because, in his opinion, the state was not liable to pay them. The fees in both cases accrued under the act of 1845. The counsel for the petitioner and the attorney general agreed to the foregoing statement of facts; it was also agreed that the decision of the Supreme Court might be made upon the application with the same effect as upon the return to an alternative mandamus.

*Wilson*, for petitioner.

*Ewing*, (attorney general,) for auditor.

I. The State is not liable for the costs. (R. C. 1845, secs. 13, 14, 15 and 16, art. 2, tit. Costs in Crim. Cases, p. 250.) Under this law the State is not chargeable with costs except in cases of conviction, and then only where the slave is convicted of a capital offence and executed.

RYLAND, Judge, delivered the opinion of the court.

From the facts set forth in the agreed case, upon which the mandamus against the auditor is prayed for, this court must refuse the writ. The State is only liable to pay the costs in a prosecution against a slave when the slave has been convicted and executed capitally. Conviction alone and escape before execution will not put the costs on the State. The 16th section of 2d article of the act concerning costs is as follows: " If a slave be convicted of any capital offence and executed the costs shall be paid by the State." The 13th section of the same article is as follows: "If a slave shall be convicted of any offence in a case where, if the convict was a free person he would be liable to pay costs, such slave shall be sold to satisfy such costs, unless the master or owner appear and pay the same within sixty days after they become due." The 14th section directs the sheriff how to proceed to sell the slave, &c. The 15th section is as follows: " Any slave convicted of a capital offence, who shall be reprieved or pardoned by the executive, shall be sold to satisfy the costs, unless the owner or master appear and pay the same within the time prescribed in the second preceding section"—13th section.

Now the law is plain, and we can see the obvious design of the legislature was not to subject the State to pay costs, when a slave was prosecuted for any offence and convicted of it, until he was executed; for, as long as he could be sold, or as long as life was not taken as the punishment, the slave was to be liable to pay the costs. He was to be sold to raise the funds to pay the costs. He was to be executed. The lawless violence of a mob, in its impatience to inflict punishment, taking the life of a slave, is not the execution contemplated by this statute, even if the slave had been convicted before he was hung by the mob. The escape from prison does not render the State liable even after conviction. He must be executed under the process of the court as a punishment of the offence before the State becomes liable to pay the costs. Judge Scott concurring, the writ is refused.